John E. Zehnder, OSB No. 054979
Robert P. Schulhof, Jr., OSB No. 000018
SCHEER & ZEHNDER LLP
101 SW Main St., Suite 1600
Portland, OR 97204
Phone: (503) 542-1200
Fax: (503) 542-5248
E-Mail:  jzehnder@scheerlaw.com
        rschulhof@scheerlaw.com

Attorneys for Defendants Monica Drummer, and
Arthur J. Gallagher Risk Management Services, Inc.

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### DEPARTMENT OF EUGENE

| UNIVERSITY OF OREGON, | |
|---|---|
| Plaintiff, | NO.  6:15-CV-00260-AA |
| v. | ANSWER AND AFFIRMATIVE DEFENSES |
| MONICA DRUMMER and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., an Illinois Corporation. | |
| Defendants. | |

The Defendants Monica Drummer ("Drummer") and Arthur J. Gallagher Risk Management Services, Inc., ("AJG"), collectively hereinafter "Defendants" answer the allegations of plaintiff's Complaint as follows:

Page 1-ANSWER AND AFFIRMATIVE DEFENSES

28 807 lb209301

## JURISDICTIONAL FACTS

### 1.

In response to the allegations raised in paragraph 1 of the Complaint, upon information and belief, Defendants admit.

### 2.

In response to the allegations raised in paragraph 2 of the Complaint, to the extent plaintiff seeks to plead legal conclusions, Defendants object, and no answer is necessary. To the extent an answer is required, Defendants admit that Drummer is an individual in the employ of AJG and that her primary residence and place of business are in the State of Colorado. Except as specifically admitted above, Defendants otherwise deny.

### 3.

In response to the allegations raised in paragraph 3 of the Complaint, Defendants admit that AJG is an insurance broker, approved to do business in Oregon, with its principal place of business and incorporation in the State of Illinois. Except as specifically admitted above, Defendants otherwise deny.

### 4.

In response to the allegations raised in paragraph 4 of the Complaint, Defendants deny.

## OPERATIONAL FACTS

### 5.

In response to the allegations raised in paragraph 5 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny. To the extent an answer is required, Defendants must deny.

//

Page 2-ANSWER AND AFFIRMATIVE DEFENSES

28 807 lb209301

6.

In response to the allegations raised in paragraph 6 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny. To the extent an answer is required, Defendants must deny.

7.

In response to the allegations raised in paragraph 7 of the Complaint, to the extent plaintiff cites particular statutes, those statutes speak for themselves. To the extent plaintiff is attempting to plead a conclusion of law, Defendants object and no response is necessary. Defendants admit that, at the time of the subject transaction, the Oregon University System ("OUS") was the governing authority responsible for plaintiff. Subject to its objections and except as specifically admitted above Defendants are without sufficient information or knowledge to form an opinion or belief as to the veracity of the claims asserted in this paragraph, and must therefore deny same.

8.

In response to the allegations raised in paragraph 8 of the Complaint, to the extent plaintiff cites statute, the statute speaks for itself, and no answer is required. To the extent that Defendants must answer, upon information and belief, Defendants admit that OUS was the party responsible for negotiating and procuring insurance for the schools in the Oregon University System. Subject to their objections and except as specifically admitted above, Defendants are without sufficient information or knowledge to form an opinion or belief as to the veracity of the claims asserted in this paragraph, and must therefore deny same.

9.

In response to the allegations raised in paragraph 9 of the Complaint, Defendants admit that OUS was responsible for obtaining insurance for OUS. Defendants deny that

Page 3-ANSWER AND AFFIRMATIVE DEFENSES

OUS did so "for the benefit of the University." Except as specifically admitted above, Defendants otherwise deny.

### 10.

In response to the allegations raised in paragraph 10 of the Complaint, Defendants admit that OUS contacted AJG regarding certain insurance. Except as specifically admitted above, Defendants otherwise deny.

### 11.

In response to the allegations raised in paragraph 11 of the Complaint, Defendants admit that Drummer was provided certain correspondence relating to Roedl and Marsh, and had certain contact with Marsh regarding a potential insurance policy. Defendants further admit that, at the time OUS contacted them, the subject football season had already begun. Except as specifically admitted above, Defendants otherwise deny.

### 12.

In response to the allegations raised in paragraph 12 of the Complaint, Defendants deny.

### 13.

In response to the allegation in paragraph 13 that Roedl made something "clear," Defendants deny anything was made clear to Defendants. In response to the remaining allegations raised in paragraph 13 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny. To the extent an answer is required, Defendants must deny.

### 14.

In response to the allegations raised in paragraph 14 of the Complaint, to the extent that plaintiff cites to a document, that document speaks for itself. To the extent an answer is

Page 4-ANSWER AND AFFIRMATIVE DEFENSES

required regarding plaintiff's characterization of said document, and/or the events/circumstances relating to the document, Defendants must deny.

15.

In response to the allegations raised in paragraph 15 of the Complaint, to the extent that plaintiff cites to a document, that document speaks for itself. To the extent an answer is required regarding plaintiff's characterization of said document, and/or the events/circumstances relating to the document, Defendants must deny.

16.

In response to the allegations raised in paragraph 16 of the Complaint, to the extent that plaintiff cites to a document, that document speaks for itself. To the extent an answer is required regarding plaintiff's characterization of said document, and/or the events/circumstances relating to the document, Defendants must deny.

17.

In response to the allegations raised in paragraph 17 of the Complaint, to the extent that plaintiff cites to a document, that document speaks for itself. To the extent plaintiff asserts legal conclusions, no answer is required. Defendants deny that anything was done for the benefit of "the University." Except as specifically denied above, Defendants otherwise deny.

18.

In response to the allegations raised in paragraph 18 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny. To the extent an answer is required, Defendants must deny.

//

//

Page 5-ANSWER AND AFFIRMATIVE DEFENSES

19.

In response to the allegations raised in paragraph 19 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny. To the extent an answer is required, Defendants must deny.

20.

In response to the allegations raised in paragraph 20 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny. To the extent an answer is required, Defendants must deny.

## FIRST CLAIM FOR RELIEF

**(Negligent Failure to Procure Insurance against Drummer and Arthur Gallagher)**

21.

Paragraph 21 of the Complaint attempts to incorporate and reassert the allegations raised in paragraphs 1-20. Defendants by way of reply incorporate as if fully set forth herein, all prior responses to same.

22.

In response to the allegations raised in paragraph 22 of the Complaint, Defendants admit that at the end of August 2012 Defendants were contacted by OUS regarding certain insurance. Except as specifically admitted above, Defendants otherwise deny.

23.

In response to the allegations raised in paragraph 23 of the Complaint, Defendants deny.

//

//

Page 6-ANSWER AND AFFIRMATIVE DEFENSES

24.

In response to the allegations raised in paragraph 24 of the Complaint, Defendants deny.

25.

In response to the allegations raised in paragraph 25 of the Complaint, to the extent that plaintiff cites to a document, that document speaks for itself.  To the extent plaintiff asserts legal conclusions, no answer is required.  Defendants otherwise deny.

26.

In response to the allegations raised in paragraph 26 of the Complaint, Defendants deny.

27.

In response to the allegations raised in paragraph 27 of the Complaint, Defendants deny.

28.

In response to the allegations raised in paragraph 28 of the Complaint, Defendants deny.

29.

In response to the allegations raised in paragraph 29 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny.  To the extent an answer is required, Defendants must deny.

30.

In response to the allegations raised in paragraph 30 of the Complaint, Defendants deny.

//

Page 7-ANSWER AND AFFIRMATIVE DEFENSES

31.

In response to the allegations raised in paragraph 31 of the Complaint, Defendants deny.

## SECOND CLAIM FOR RELIEF

### (Negligent Misrepresentations against Drummer and Arthur Gallagher)

32.

Paragraph 32 of the Complaint attempts to incorporate and reassert the allegations raised in paragraphs 1-20. Defendants by way of reply incorporate as if fully set forth herein, all prior responses to same.

33.

In response to the allegations raised in paragraph 33 of the Complaint, Defendants deny.

34.

In response to the allegations raised in paragraph 34 of the Complaint, to the extent that plaintiff cites to a document, that document speaks for itself. To the extent plaintiff asserts legal conclusions, no answer is required. Defendants otherwise deny.

35.

In response to the allegations raised in paragraph 35 of the Complaint, to the extent that plaintiff cites to a document, that document speaks for itself. To the extent plaintiff asserts legal conclusions, no answer is required. Without admitting, and specifically denying, any particular conduct by Defendant Drummer, where conduct by Defendant Drummer is alleged to be in connection with issues raised by plaintiff regarding certain insurance that is the subject of the Complaint, Defendants admit Drummer was acting as the agent of AJG. Except as specifically admitted above, Defendants otherwise deny.

//

Page 8-ANSWER AND AFFIRMATIVE DEFENSES

36.

In response to the allegations raised in paragraph 36 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny.  To the extent an answer is required, Defendants must deny.

37.

In response to the allegations raised in paragraph 37 of the Complaint, Defendants deny.

38.

In response to the allegations raised in paragraph 38 of the Complaint, Defendants deny.

39.

In response to the allegations raised in paragraph 39 of the Complaint, to the extent that plaintiff cites to a document, that document speaks for itself.  To the extent plaintiff asserts legal conclusions, no answer is required.  To the extent an answer is required, Defendants deny.

40.

In response to the allegations raised in paragraph 40 of the Complaint, Defendants deny.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract against Arthur Gallagher)

41.

Paragraph 41 of the Complaint attempts to incorporate and reassert the allegations raised in paragraphs 1-20.  Defendants by way of reply incorporate as if fully set forth herein, all prior responses to same.

Page 9-ANSWER AND AFFIRMATIVE DEFENSES

42.

In response to the allegations raised in paragraph 42 of the Complaint, to the extent that plaintiff cites to a document, that document speaks for itself.  To the extent plaintiff asserts legal conclusions, no answer is required.  Defendants deny the University of Oregon was an intended beneficiary.  To the extent a further answer is required, Defendants deny.

43.

In response to the allegations raised in paragraph 43 of the Complaint, Defendants deny.

44.

In response to the allegations raised in paragraph 44 of the Complaint, Defendants deny.

45.

In response to the allegations raised in paragraph 45 of the Complaint, Defendants deny.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract – Promissory Estoppel against Arthur Gallagher)

46.

Paragraph 46 of the Complaint attempts to incorporate and reassert the allegations raised in paragraphs 1-20.  Defendants by way of reply incorporate as if fully set forth herein, all prior responses to same.

47.

In response to the allegations raised in paragraph 47 of the Complaint, Defendants deny.

//

//

Page 10-ANSWER AND AFFIRMATIVE DEFENSES

28 807 lb209301

48.

In response to the allegations raised in paragraph 48 of the Complaint, to the extent that plaintiff cites to a document, that document speaks for itself. To the extent plaintiff asserts legal conclusions, no answer is required. Without admitting, and specifically denying, any particular conduct by Defendant Drummer, where conduct by Defendant Drummer is alleged to be in connection with issues raised by plaintiff regarding certain insurance that is the subject of the Complaint, Defendants admit Drummer was acting as the agent of AJG. Except as specifically admitted above, Defendants otherwise deny.

49.

In response to the allegations raised in paragraph 49 of the Complaint, Defendants deny.

50.

In response to the allegations raised in paragraph 50 of the Complaint, Defendants deny.

51.

In response to the allegations raised in paragraph 51 of the Complaint, Defendants deny.

52.

In response to the allegations raised in paragraph 52 of the Complaint, Defendants deny.

53.

In response to the allegations raised in paragraph 53 of the Complaint, Defendants deny.

//

//

Page 11-ANSWER AND AFFIRMATIVE DEFENSES

54.

In response to the allegations raised in paragraph 54 of the Complaint, Defendants deny.

## PRAYER FOR RELIEF

In response to plaintiff's prayer for relief, to the degree a response is required, Defendants request that all plaintiff's prayers for relief be denied, and that plaintiff recover nothing by its Complaint or otherwise.

## AFFIRMATIVE DEFENSES

55.

By way of further answer, Defendants allege the following Affirmative Defenses as follows:

56.

Plaintiff has failed to state a cause of action upon which relief may be granted.

57.

The damages, if any, claimed by plaintiff were caused solely or substantially by plaintiff's own fault or negligence.

58.

Plaintiff lacks standing to bring any of the claims asserted, otherwise lacks any right whatsoever to pursue the claims asserted, and is otherwise not the proper party in interest.

59.

Plaintiff lacks privity as to its contractual claims and is therefore barred from bringing them.

60.

That the damages sustained, if any, were proximately caused by the negligent actions and/or omissions of third persons over whom Defendants had no control. To the extent that

Page 12-ANSWER AND AFFIRMATIVE DEFENSES

plaintiff's alleged damages were caused by such third parties, Defendants have no liability and/or Defendants are entitled to a reduction of their proportional liability, if any.

61.

Plaintiff's claims for relief are limited and/or barred due to plaintiff's failure to mitigate their damages.

62.

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or by the applicable statutes of limitations and/or repose.

63.

Plaintiff had ample opportunity to review and assess the coverage contracted for and to object to any deficiencies therein prior to any payment and engagement of services, such that it is now barred from asserting claims deficiencies now.

64.

Plaintiff by omission or design has failed to name and implead parties necessary to this litigation.

65.

Defendants owed no duty to plaintiff, no special or other relationship existed between defendants and plaintiff, and plaintiff was not an intended beneficiary of anything alleged in the Complaint.

66.

Having rushed into the placement of the alleged insurance policy, and otherwise creating an emergency situation that was entirely of their own making, Plaintiff's claims are not only barred by their own negligence as alleged above, Plaintiff's claims are barred by their assumption of the risk.

//

Page 13-ANSWER AND AFFIRMATIVE DEFENSES

67.

Plaintiff's claims are barred by all defenses under/pursuant to FRCP Rule 12.

68.

Defendants reserve the right to amend this answer to include potential third party claims and additional defenses as may be warranted as discovery continues.

WHEREFORE, Defendants pray that:

1.    Plaintiff's Complaint be dismissed with prejudice and that plaintiff take nothing thereby; and

2.    That Defendants be awarded their reasonable costs and expenses in defense of this matter; and

3.    Such other relief as the Court deems just and proper.


DATED this 18th day of February, 2015.

SCHEER & ZEHNDER LLP


By _____
John E. Zehnder, OSB No. 054979
Robert P. Schulhof Jr., OSB No. 000018
Attorneys for Defendants Arthur J. Gallagher
Risk Management Services, Inc.,
and Monica Drummer.


Page 14-ANSWER AND AFFIRMATIVE DEFENSES

John E. Zehnder, OSB No. 054979
Robert P. Schulhof, Jr., OSB No. 000018
SCHEER & ZEHNDER LLP
101 SW Main St., Suite 1600
Portland, OR  97204
Phone: (503) 542-1200
Fax: (503) 542-5248
E-Mail:  jzehnder@scheerlaw.com
        rschulhof@scheerlaw.com
Attorneys for Defendants Gallagher Risk Management
Services, Inc., and Monica Drummer

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DEPARTMENT OF EUGENE

UNIVERSITY OF OREGON,

                     Plaintiff,

    v.

MONICA DRUMMER and GALLAGHER
RISK MANAGEMENT SERVICES, INC., an
Illinois Corporation.

                     Defendants.

NO. 6:15-CV-00260-AA

CERTIFICATE OF SERVICE

I hereby certify that on February 20th, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| **COUNSEL FOR PLAINTIFF** |
|---|
| Joshua P. Stump |
| Harrang Long Gary Rudnick PC |
| 1001 SW Fifth Ave., Ste. 1600 |
| Portland, OR 97204 |

Robin Westwood, Paralegal

Page 15-ANSWER AND AFFIRMATIVE DEFENSES

28 807 lb209301