John E. Zehnder, OSB No. 054979
Robert P. Schulhof, Jr., OSB No. 000018
SCHEER & ZEHNDER LLP
101 SW Main St., Suite 1600
Portland, OR 97204
Phone: (503) 542-1200
Fax: (503) 542-5248
E-Mail:  jzehnder@scheerlaw.com
         rschulhof@scheerlaw.com

Attorneys for Defendants Monica Drummer, and
Arthur J. Gallagher Risk Management Services, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## DEPARTMENT OF EUGENE

| | |
|---|---|
| UNIVERSITY OF OREGON,<br><br>      Plaintiff,<br><br>  v.<br><br>MONICA DRUMMER and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., an Illinois Corporation.<br><br>      Defendants. | NO. 6:15-CV-00260-AA<br><br>FIRST AMENDED ANSWER AFFIRMATIVE DEFENSES AND THIRD-PARTY CLAIMS OF MONICA DRUMMER AND ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. |
| MONICA DRUMMER and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., an Illinois Corporation.<br><br>      Third-Party Plaintiffs,<br><br>  v.<br><br>MARSH U.S. CONSUMER a service of SEABURY & SMITH, INC., a Delaware Corporation.<br><br>      Third-party Defendant. | |

Page 1-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

The Defendants Monica Drummer ("Drummer") and Arthur J. Gallagher Risk Management Services, Inc., ("AJG"), collectively hereinafter "Defendants" answer the allegations of Plaintiff's Complaint as follows:

### JURISDICTIONAL FACTS

1.

In response to the allegations raised in paragraph 1 of the Complaint, upon information and belief, Defendants admit.

2.

In response to the allegations raised in paragraph 2 of the Complaint, to the extent plaintiff seeks to plead legal conclusions, Defendants object, and no answer is necessary. To the extent an answer is required; Defendants admit that Drummer is an individual in the employ of AJG and that her primary residence and place of business are in the State of Colorado. Except as specifically admitted above, Defendants otherwise deny.

3.

In response to the allegations raised in paragraph 3 of the Complaint, Defendants admit that AJG is an insurance broker, approved to do business in Oregon, with its principal place of business and incorporation in the State of Illinois. Except as specifically admitted above, Defendants otherwise deny.

4.

In response to the allegations raised in paragraph 4 of the Complaint, Defendants deny.

//

//

//

Page 2-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

28 807 lc039302

## OPERATIONAL FACTS

5.

In response to the allegations raised in paragraph 5 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny. To the extent an answer is required, Defendants must deny.

6.

In response to the allegations raised in paragraph 6 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny. To the extent an answer is required, Defendants must deny.

7.

In response to the allegations raised in paragraph 7 of the Complaint, to the extent plaintiff cites particular statutes, those statutes speak for themselves. To the extent Plaintiff is attempting to plead a conclusion of law, Defendants object and no response is necessary. Defendants admit that, at the time of the subject transaction, the Oregon University System ("OUS") was the governing authority responsible for Plaintiff. Subject to its objections and except as specifically admitted above Defendants are without sufficient information or knowledge to form an opinion or belief as to the veracity of the claims asserted in this paragraph, and must therefore deny same.

8.

In response to the allegations raised in paragraph 8 of the Complaint, to the extent Plaintiff cites statute, the statute speaks for itself, and no answer is required. To the extent that Defendants must answer, upon information and belief, Defendants admit that OUS was the party responsible for negotiating and procuring insurance for the schools in the Oregon

Page 3-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

University System.  Subject to their objections and except as specifically admitted above,
Defendants are without sufficient information or knowledge to form an opinion or belief as to
the veracity of the claims asserted in this paragraph, and must therefore deny same.

9.

In response to the allegations raised in paragraph 9 of the Complaint, Defendants
admit that OUS was responsible for obtaining insurance for OUS.  Defendants deny that
OUS did so "for the benefit of the University."  Except as specifically admitted above,
Defendants otherwise deny.

10.

In response to the allegations raised in paragraph 10 of the Complaint, Defendants
admit that OUS contacted AJG regarding certain insurance.  Except as specifically admitted
above, Defendants otherwise deny.

11.

In response to the allegations raised in paragraph 11 of the Complaint, Defendants
admit that Drummer was provided certain correspondence relating to Roedl and Marsh, and
had certain contact with Marsh regarding a potential insurance policy.  Defendants further
admit that, at the time OUS contacted them, the subject football season had already begun.
Except as specifically admitted above, Defendants otherwise deny.

12.

In response to the allegations raised in paragraph 12 of the Complaint, Defendants
deny.

13.

In response to the allegation in paragraph 13 that Roedl made something "clear,"
Defendants deny anything was made clear to Defendants.  In response to the remaining
allegations raised in paragraph 13 of the Complaint, Defendants have no firsthand knowledge

Page 4-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny.  To the extent an answer is required, Defendants must deny.

### 14.

In response to the allegations raised in paragraph 14 of the Complaint, to the extent that plaintiff cites to a document, that document speaks for itself.  To the extent an answer is required regarding plaintiff's characterization of said document, and/or the events/circumstances relating to the document, Defendants must deny.

### 15.

In response to the allegations raised in paragraph 15 of the Complaint, to the extent that plaintiff cites to a document, that document speaks for itself.  To the extent an answer is required regarding Plaintiff's characterization of said document, and/or the events/circumstances relating to the document, Defendants must deny.

### 16.

In response to the allegations raised in paragraph 16 of the Complaint, to the extent that plaintiff cites to a document, that document speaks for itself.  To the extent an answer is required regarding Plaintiff's characterization of said document, and/or the events/circumstances relating to the document, Defendants must deny.

### 17.

In response to the allegations raised in paragraph 17 of the Complaint, to the extent that Plaintiff cites to a document, that document speaks for itself.  To the extent Plaintiff asserts legal conclusions, no answer is required.  Defendants deny that anything was done for the benefit of "the University."  Except as specifically denied above, Defendants otherwise deny.

//

Page 5–AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

28 807 lc039302

18.

In response to the allegations raised in paragraph 18 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny.  To the extent an answer is required, Defendants must deny.

19.

In response to the allegations raised in paragraph 19 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny.  To the extent an answer is required, Defendants must deny.

20.

In response to the allegations raised in paragraph 20 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny.  To the extent an answer is required, Defendants must deny.

## FIRST CLAIM FOR RELIEF

**(Negligent Failure to Procure Insurance against Drummer and Arthur Gallagher)**

21.

Paragraph 21 of the Complaint attempts to incorporate and reassert the allegations raised in paragraphs 1-20.  Defendants by way of reply incorporate as if fully set forth herein, all prior responses to same.

22.

In response to the allegations raised in paragraph 22 of the Complaint, Defendants admit that at the end of August 2012 Defendants were contacted by OUS regarding certain insurance.  Except as specifically admitted above, Defendants otherwise deny.

Page 6-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

23.

In response to the allegations raised in paragraph 23 of the Complaint, Defendants deny.

24.

In response to the allegations raised in paragraph 24 of the Complaint, Defendants deny.

25.

In response to the allegations raised in paragraph 25 of the Complaint, to the extent that Plaintiff cites to a document, that document speaks for itself.  To the extent Plaintiff asserts legal conclusions, no answer is required.  Defendants otherwise deny.

26.

In response to the allegations raised in paragraph 26 of the Complaint, Defendants deny.

27.

In response to the allegations raised in paragraph 27 of the Complaint, Defendants deny.

28.

In response to the allegations raised in paragraph 28 of the Complaint, Defendants deny.

29.

In response to the allegations raised in paragraph 29 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny.  To the extent an answer is required, Defendants must deny.

//

28 807 lc039302

30.

In response to the allegations raised in paragraph 30 of the Complaint, Defendants deny.

31.

In response to the allegations raised in paragraph 31 of the Complaint, Defendants deny.

## SECOND CLAIM FOR RELIEF

### (Negligent Misrepresentations against Drummer and Arthur Gallagher)

32.

Paragraph 32 of the Complaint attempts to incorporate and reassert the allegations raised in paragraphs 1-20. Defendants by way of reply incorporate as if fully set forth herein, all prior responses to same.

33.

In response to the allegations raised in paragraph 33 of the Complaint, Defendants deny.

34.

In response to the allegations raised in paragraph 34 of the Complaint, to the extent that Plaintiff cites to a document, that document speaks for itself. To the extent Plaintiff asserts legal conclusions, no answer is required. Defendants otherwise deny.

35.

In response to the allegations raised in paragraph 35 of the Complaint, to the extent that Plaintiff cites to a document, that document speaks for itself. To the extent Plaintiff asserts legal conclusions, no answer is required. Without admitting, and specifically denying, any particular conduct by Defendant Drummer, where conduct by Defendant Drummer is alleged to be in connection with issues raised by Plaintiff regarding certain insurance that is

Page 8-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

28 807 lc039302

the subject of the Complaint, Defendants admit Drummer was acting as the agent of AJG. Except as specifically admitted above, Defendants otherwise deny.

36.

In response to the allegations raised in paragraph 36 of the Complaint, Defendants have no firsthand knowledge as to the veracity of the events, occurrences or other allegations claimed in this paragraph and, therefore, cannot admit or deny. To the extent an answer is required, Defendants must deny.

37.

In response to the allegations raised in paragraph 37 of the Complaint, Defendants deny.

38.

In response to the allegations raised in paragraph 38 of the Complaint, Defendants deny.

39.

In response to the allegations raised in paragraph 39 of the Complaint, to the extent that Plaintiff cites to a document, that document speaks for itself. To the extent Plaintiff asserts legal conclusions, no answer is required. To the extent an answer is required, Defendants deny.

40.

In response to the allegations raised in paragraph 40 of the Complaint, Defendants deny.

//

//

//

//

Page 9-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

## THIRD CLAIM FOR RELIEF

### (Breach of Contract against Arthur Gallagher)

41.

Paragraph 41 of the Complaint attempts to incorporate and reassert the allegations raised in paragraphs 1-20. Defendants by way of reply incorporate as if fully set forth herein, all prior responses to same.

42.

In response to the allegations raised in paragraph 42 of the Complaint, to the extent that Plaintiff cites to a document, that document speaks for itself. To the extent Plaintiff asserts legal conclusions, no answer is required. Defendants deny the University of Oregon was an intended beneficiary. To the extent a further answer is required, Defendants deny.

43.

In response to the allegations raised in paragraph 43 of the Complaint, Defendants deny.

44.

In response to the allegations raised in paragraph 44 of the Complaint, Defendants deny.

45.

In response to the allegations raised in paragraph 45 of the Complaint, Defendants deny.

//

//

//

//

//

Page 10-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

28 807 lc039302

## FOURTH CLAIM FOR RELIEF

**(Breach of Contract – Promissory Estoppel against Arthur Gallagher)**

46.

Paragraph 46 of the Complaint attempts to incorporate and reassert the allegations raised in paragraphs 1-20. Defendants by way of reply incorporate as if fully set forth herein, all prior responses to same.

47.

In response to the allegations raised in paragraph 47 of the Complaint, Defendants deny.

48.

In response to the allegations raised in paragraph 48 of the Complaint, to the extent that Plaintiff cites to a document, that document speaks for itself. To the extent Plaintiff asserts legal conclusions, no answer is required. Without admitting, and specifically denying, any particular conduct by Defendant Drummer, where conduct by Defendant Drummer is alleged to be in connection with issues raised by Plaintiff regarding certain insurance that is the subject of the Complaint, Defendants admit Drummer was acting as the agent of AJG. Except as specifically admitted above, Defendants otherwise deny.

49.

In response to the allegations raised in paragraph 49 of the Complaint, Defendants deny.

50.

In response to the allegations raised in paragraph 50 of the Complaint, Defendants deny.

//

//

Page 11-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

28 807 lc039302

51.

In response to the allegations raised in paragraph 51 of the Complaint, Defendants deny.

52.

In response to the allegations raised in paragraph 52 of the Complaint, Defendants deny.

53.

In response to the allegations raised in paragraph 53 of the Complaint, Defendants deny.

54.

In response to the allegations raised in paragraph 54 of the Complaint, Defendants deny.

## **AFFIRMATIVE DEFENSES**

55.

By way of further answer, Defendants allege the following Affirmative Defenses as follows:

56.

Plaintiff has failed to state a cause of action upon which relief may be granted.

57.

The damages, if any, claimed by Plaintiff were caused solely or substantially by plaintiff's own fault or negligence.

58.

Plaintiff lacks standing to bring any of the claims asserted, otherwise lacks any right whatsoever to pursue the claims asserted, and is otherwise not the proper party in interest.

//

Page 12-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

59.

Plaintiff lacks privity as to its contractual claims and is therefore barred from bringing them.

60.

That the damages sustained, if any, were proximately caused by the negligent actions and/or omissions of third persons over whom Defendants had no control.  To the extent that Plaintiff's alleged damages were caused by such third parties, Defendants have no liability and/or Defendants are entitled to a reduction of their proportional liability, if any.

61.

Plaintiff's claims for relief are limited and/or barred due to Plaintiff's failure to mitigate their damages.

62.

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or by the applicable statutes of limitations and/or repose.

63.

Plaintiff had ample opportunity to review and assess the coverage contracted for and to object to any deficiencies therein prior to any payment and engagement of services, such that it is now barred from asserting claims deficiencies now.

64.

Plaintiff by omission or design has failed to name and implead parties necessary to this litigation.

65.

Defendants owed no duty to Plaintiff, no special or other relationship existed between defendants and Plaintiff, and Plaintiff was not an intended beneficiary of anything alleged in the Complaint.

Page 13-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

66.

Having rushed into the placement of the alleged insurance policy, and otherwise creating an emergency situation that was entirely of their own making, Plaintiff's claims are not only barred by their own negligence as alleged above, Plaintiff's claims are barred by their assumption of the risk.

67.

Plaintiff's claims are barred by all defenses under/pursuant to FRCP Rule 12.

## THIRD-PARTY COMPLAINT

68.

Subject to and without waiving its defenses and denials to Plaintiff's Complaint, Drummer and AJG, hereinafter "Third-Party Plaintiffs", do allege as follows:

69.

The underlying action was originally filed in State Circuit Court for Lane County, Oregon, and removed to Federal Court, based upon the diversity of citizenship of the parties involved under 28 USC §1332. This Third-Party Complaint maintains the diversity required, as Third-Party Defendant Marsh U.S. Consumer, a service of Seabury & Smith, Inc. ("Marsh" or "Third-Party Defendant") is a corporate entity organized under the laws of Delaware, with its principal place of business in New York. The amount in controversy remains greater than $75,000.

## FACTS GIVING RISE TO THIRD-PARTY ACTION

70.

Marsh is a company engaged in brokering insurance products for various parties and risks.

//

//

Page 14-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

71.

On information and belief representatives and agents of Marsh, on or about 2012
approached and solicited the Plaintiff's Athletic Department, with a proposal for an insurance
product to cover potential contractual bonuses and payments that may come due to the
coaches of Plaintiff's various sports teams.

72.

On information and belief, on or about July 2012, Mr. Eric Roedl, as the Chief
Financial Officer for the University of Oregon, Athletic Department opened negotiations for
an insurance product with John Laskowski, a broker and agent of Marsh. Over the course of
July-August 2012, Roedl and Laskowski, and another agent of Marsh's Jon Gorman
negotiated coverage for Plaintiff's potential bonus liability.

73.

On information and belief, by August 30, 2012, Plaintiff and Marsh had negotiated a
coverage plan for Plaintiff covering the 2012-2013 football season. Marsh had by then
solicited and procured an insurance quote to provide for the insurance under the terms,
conditions and pricing negotiated between Plaintiff and Marsh and Marsh had communicated
this fact to Plaintiff.

74.

On or about August 30, 2012, Plaintiff and Marsh were aware that the insurance quote
was extremely time sensitive due to the fact that the 2012-2013 football season had started.
Plaintiff and Marsh understood that if the insurance policy was not bound before
approximately 3:00 p.m. PST on September 7, 2012, that the terms and price could change
drastically and not in Plaintiff's favor, making the insurance unavailable or only available at
greatly increased premiums.

//

75.

On or about August 30, 2012, the Plaintiff was not a legal entity capable of entering the insurance contract it had negotiated with Marsh. All contracting for the insurance services contemplated by Plaintiff and Marsh at that time only could be entered into by the State of Oregon, via their chosen administrator the Oregon University System ("OUS"). On information and belief the Plaintiff informed Marsh of the necessity of involving OUS and contacted OUS about contracting for the insurance.

78.

On information and belief having contacted OUS, Plaintiff and Marsh learned that OUS would only procure the insurance requested through use of their preferred broker of record ("BOR"), Third-Party Plaintiff AJG.

79.

On the afternoon of August 31, 2012, OUS contacted Drummer, an agent and employee of AJG and inquired about Third-Party Plaintiffs assisting OUS in procuring insurance to cover bonus payments for the football coaching staff for the 2012-2013 season. Third-Party Plaintiffs were not provided any details at that time, and OUS delayed until after the 3-day weekend, to September 4, 2012, to discuss.

80.

On information and belief, on or about September 4, 2012, OUS first discussed with Third-Party Plaintiff the type of insurance plan Plaintiff sought, and Third-Party Plaintiff agreed to work with OUS to secure the policy previously negotiated by Marsh and Plaintiff.

81.

Third-Party Plaintiff, despite its best efforts could not – in the limited time available before the September 7, 2012 deadline – separately procure an alternate insurance quote.

//

Page 16-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

28 807 lc039302

82.

Marsh would not work with Third-Party Plaintiff or share information regarding the negotiated quote until they were provided a letter indicating that Third-Party Plaintiff was the BOR for OUS and AJG entered into a Sub-Broker Agreement with Marsh. On information and belief, Marsh received official confirmation of Third-Party Plaintiff's BOR status from OUS on or about September 6, 2012, and received a signed Sub-Broker Agreement from AJG. Only at this time did Marsh cooperate with Third-Party Plaintiffs. Per the Sub-Broker Agreement, Marsh controlled the quote, the binding of insurance and received the majority of the commission.

83.

Third-Party Plaintiff worked with Marsh to secure the insurance quote Marsh had previously convinced Plaintiff to pursue. Throughout this time, and up through the binding of the policy on September 7, 2012, Marsh continued to work and discuss with Plaintiff the terms and conditions of the insurance. Third-Party Plaintiff had no direct contact with Plaintiff and worked only through OUS and its representatives.

84.

Upon the close of the transaction, Marsh took two-thirds of the available brokerage commission. Marsh was actively involved in all aspects of the negotiation of the insurance terms and premiums with plaintiff, and Marsh secured the underwriter and was the party responsible for the binding of the insurance coverage for Plaintiff. Marsh was not under the direction or control of Third-Party Plaintiffs and was, in fact, an independent entity that owed its own and separate duty of care and fair dealing to Plaintiff.

85.

Plaintiff has alleged that at the end of the 2012-2013 College Football season, that despite its teams performance, it was not entitled to any insurance payout under the policy

Page 17-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

and that this was contrary to what it believed it had bargained for. Plaintiff has filed suit against Third-Party Plaintiff's alleging claims for breach of contract and negligence.

## FIRST CAUSE OF ACTION-CONTRIBUTION

86.

Third-Party Plaintiffs reallege and incorporate by reference all prior paragraphs as if set forth fully herein.

87.

At all times relevant Marsh was an independent entity, not under the control or direction of Third-Party Plaintiffs. As such Marsh owed a separate and independent duty of care and fair dealing to Plaintiff. It was foreseeable that Marsh's failure to properly advise and assist Plaintiff and Third-Party Plaintiffs could cause potential harm to Plaintiff.

88.

Third-Party Plaintiffs deny the allegations in Plaintiff's Complaint. However to the extent Plaintiff proves its alleged allegations and damages, such allegations and damages were caused by Marsh breaching its duties to Plaintiff and Third-Party Plaintiffs directly or through the acts of its agents, by failing to provide proper advice and guidance and/or other breaches of the fiduciary duties owed Plaintiff and Third-Party Plaintiffs by Marsh, and that said actions by Marsh caused or significantly contributed to Plaintiff's alleged damages. Accordingly, Marsh is liable for its percentage share of Plaintiff's alleged damages.

## SECOND CAUSE OF ACTION-INDEMNITY

89.

Third-Party Plaintiffs reallege and incorporate by reference all prior paragraphs as if set forth fully herein.

//

//

28 807 lc039302

90.

At all times relevant Marsh was an independent entity, not under the control or direction of Third-Party Plaintiffs. As such Marsh owed a separate and independent duty of care and fair dealing to Plaintiff and Third-Party Plaintiffs. It was foreseeable that Marsh's failure to properly advise and assist Plaintiff and Third-Party Plaintiffs could cause potential harm to Plaintiff.

91.

Third-Party Plaintiffs deny the allegations in Plaintiff's Complaint. However to the extent Third-Party Plaintiffs together or individually are found liable to Plaintiff for any of the acts or omissions described in Plaintiff's Complaint, then the Third-Party Defendant Marsh is also liable for the reasons articulated above. Further while the fault of Third-Party Defendant Marsh is active and primary, any fault of the Third-Party Plaintiffs is passive and secondary.

92.

As between Third-Party Defendant Marsh and Third-Party Plaintiffs, any damages and harm to Plaintiff ought to be discharged by the Third-Party Defendant Marsh as its conduct was the active and primary cause of the damages and harm, if any.

93.

If either or both of the Third-Party Plaintiffs are found liable to Plaintiff in whole or in part, then the Third-Party Defendant Marsh is liable to the Third-Party Plaintiffs in the amount of any such liability, including but not limited to Third-Party Plaintiffs' reasonable attorney fees and costs in defending themselves from Plaintiff's Claims. If either or both of the Third-Party Plaintiffs are found not liable to Plaintiff, the Third-Party Defendant Marsh is nevertheless liable to the Third-Party Plaintiffs in the amount of reasonable attorney fees and costs incurred in defending against Plaintiff's Claims.

## THIRD CAUSE OF ACTION-NEGLIGENT MISREPRESENTATION

94.

Third-Party Plaintiffs reallege and incorporate by reference all prior paragraphs as if set forth fully herein.

95.

Without admitting Plaintiff's claims or waiving any defenses thereto, at all times relevant Marsh was an independent entity, not under the control or direction of Third-Party Plaintiffs. Third-Party Plaintiffs allege that Marsh had assumed a role superior to that of Third-Party Plaintiffs by virtue of both the dealings between the parties and Plaintiff and through contract, by which Third-Party Plaintiffs assumed a role of Sub-Broker to Marsh's position of Broker.

96.

Marsh had a pecuniary interest in the success of the procurement of insurance for Plaintiff. Marsh had been, throughout the pendency of Plaintiff seeking coverage, the primary entity interacting with Plaintiff, and was in a superior position as between Marsh and Third-Party Plaintiffs to know what coverage and what terms Plaintiff sought. Marsh in providing Third-Party Plaintiffs a quote for coverage represented that said quote and coverage met the needs, expectations and desires of Plaintiff and was in fact the coverage Plaintiff had wanted and bargained for.

97.

Third-Party Plaintiffs deny the allegations in Plaintiff's Complaint. However to the extent Third-Party Plaintiffs together or individually are found liable to Plaintiff for any of the acts or omissions described in Plaintiff's Complaint, then the Third-Party Defendant Marsh is liable because Marsh knew or should have known that the quote and coverage were not what Plaintiff wanted and/or was not as Marsh represented and would not meet the stated

Page 20-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

28 807 lc039302

desires of Plaintiff.  Marsh failed to exercise reasonable care to ensure the accuracy of the information it provided, and Marsh otherwise failed to properly and accurately advise Third-Party Plaintiffs.

98.

Third-Party Plaintiffs were justified in relying upon the representations of Marsh in regards to the nature and scope of the insurance quote and coverage being procured.

99.

By nature of the business engaged in and by the separate Sub-Broker Agreement that the parties were subject to, Marsh owed a duty of care and fair dealing to Third-Party Plaintiffs.  It was foreseeable that if Marsh breached its duties and failed to properly advise and assist Third-Party Plaintiffs, that Third-Party Plaintiffs would sustain injury and be subject to monetary losses such as the lawsuit now prosecuted by Plaintiff.

100.

As a result of Marsh's actions, Third-Party Plaintiffs have incurred attorney fees and expenses in defending this matter and additional monetary damages to be determined at trial.

**FOURTH CAUSE OF ACTION-NEGLIGENCE**

101.

Third-Party Plaintiffs reallege and incorporate by reference all prior paragraphs as if set forth fully herein.

102.

Without admitting Plaintiff's claims or waiving any defenses thereto, at all times relevant Marsh was an independent entity, not under the control or direction of Third-Party Plaintiffs.  Third-Party Plaintiffs allege that Marsh had assumed a role superior to that of Third-Party Plaintiffs by virtue of both the dealings between the parties and Plaintiff and

28 807 lc039302

through contract, by which Third-Party Plaintiffs assumed a role of Sub-Broker to Marsh's position of Broker.

103.

Marsh had been, throughout the pendency of Plaintiff seeking coverage, the primary entity interacting with Plaintiff, and was in a superior position as between Marsh and Third-Party Plaintiffs to know what coverage and what terms Plaintiff sought. Marsh owed a duty to both Plaintiff and to Third-Party Plaintiffs, to procure the quote and coverage Plaintiff desired and an additional duty to Third-Party Plaintiff to accurately convey both what Plaintiff wanted and had bargained for and the nature and limits of the quote and coverage Marsh represented as responsive to the Plaintiff's needs. Third-Party Plaintiffs reasonably relied upon Marsh's representations throughout the course of the transaction.

104.

Third-Party Plaintiffs deny the allegations in Plaintiff's Complaint. However to the extent Third-Party Plaintiffs together or individually are found liable to Plaintiff for any of the acts or omissions described in Plaintiff's Complaint, then Third-Party Defendant Marsh is liable because Marsh was negligent in that it failed to communicate fully and fairly with Third-Party Plaintiffs, it failed to meet the standard of care applicable to one in the position of Marsh in this transaction, and it otherwise failed to act with proper due diligence toward Third-Party Plaintiffs regarding the insurance product and likewise failed to procure the insurance product it represented it had. Marsh knew or should have known that its acts and/or omissions could cause Third-Party Plaintiffs to sustain injury and losses, such as the lawsuit now prosecuted by Plaintiff.

105.

As a result of Marsh's actions Third-Party Plaintiffs have incurred attorney fees and expenses in defending this matter and additional monetary damages to be determined at trial.

106.

Defendants/Third-Party Plaintiffs reserve the right to amend their Answer and/or Third-Party Complaint to include potential additional defenses, facts and claims as may be warranted as discovery continues.

WHEREFORE, Defendants/Third-Party Plaintiffs pray that:

1.     Plaintiff's Complaint be dismissed with prejudice and that plaintiff take nothing thereby;

2.     That Defendants be awarded their reasonable costs and expenses in defense of this matter;

3.     That Defendants/Third-Party Plaintiffs be awarded judgment against Third-Party Defendant Marsh and in favor of Defendants/Third-Party Plaintiffs on their Third-Party Claims as follows:

      a.     For Defendants/Third-Party Plaintiffs' Contribution Claims, a judgment for Third-Party Plaintiffs equal to Third-Party Defendant Marsh's share of fault in causing Plaintiff's damages.

      b.     For Defendants/Third-Party Plaintiffs' indemnity claim, an amount equal to any judgment or settlement reflecting fault as against either or both Defendants/Third-Party Plaintiffs, in Plaintiff's legal action, including attorney fees, expert witness fees and costs incurred by Defendants/Third-Party Plaintiffs in prosecuting and defending these claims.

      c.     For Defendants/Third-Party Plaintiffs' negligent misrepresentation claim, for costs and damages relative to the claims as determined at trial.

28 807 lc039302

       d.     For Defendants/Third-Party Plaintiffs' negligence claims, for costs and damages relative to the claims as determined at trial.

4.     Such other relief as the Court deems just and proper.

DATED this _6th_ day of March, 2015.

SCHEER & ZEHNDER LLP


By _____
    John E. Zehnder, OSB No. 054979
    Robert P. Schulhof Jr., OSB No. 000018
    Attorneys for Defendants Arthur J. Gallagher
    Risk Management Services, Inc.,
    and Monica Drummer.

28 807 lc039302

John E. Zehnder, OSB No. 054979
Robert P. Schulhof, Jr., OSB No. 000018
SCHEER & ZEHNDER LLP
101 SW Main St., Suite 1600
Portland, OR 97204
Phone: (503) 542-1200
Fax: (503) 542-5248
E-Mail: jzehnder@scheerlaw.com
        rschulhof@scheerlaw.com
Attorneys for Defendants Gallagher Risk Management
Services, Inc., and Monica Drummer

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## DEPARTMENT OF EUGENE

| | |
|---|---|
| UNIVERSITY OF OREGON,<br><br>                              Plaintiff,<br><br>        v.<br><br>MONICA DRUMMER and ARTHUR J.<br>GALLAGHER RISK MANAGEMENT<br>SERVICES, INC., an Illinois Corporation.<br><br>                              Defendants. | NO.  6:15-CV-00260-AA<br><br>CERTIFICATE OF SERVICE |
| MONICA DRUMMER and ARTHUR J.<br>GALLAGHER RISK MANAGEMENT<br>SERVICES, INC., an Illinois Corporation.<br><br>                Third-Party Plaintiffs,<br><br>        v.<br><br>MARSH U.S. CONSUMER a service of<br>SEABURY & SMITH, INC., a Delaware<br>Corporation.<br><br>                Third-party Defendant. | |

Page 25-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

28 807 lc039302

I hereby certify that on March 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**COUNSEL FOR PLAINTIFF**
Joshua P. Stump
Harrang Long Gary Rudnick PC
1001 SW Fifth Ave., Ste. 1600
Portland, OR 97204

Robin Westwood, Paralegal

Page 26-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

28 807 lc039302

John E. Zehnder, OSB No. 054979
Robert P. Schulhof, Jr., OSB No. 000018
SCHEER & ZEHNDER LLP
101 SW Main St., Suite 1600
Portland, OR 97204
Phone: (503) 542-1200
Fax: (503) 542-5248
E-Mail: jzehnder@scheerlaw.com
        rschulhof@scheerlaw.com
Attorneys for Defendants Gallagher Risk Management
Services, Inc., and Monica Drummer

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DEPARTMENT OF EUGENE

| | |
|---|---|
| UNIVERSITY OF OREGON,<br><br>                       Plaintiff,<br><br>     v.<br><br>MONICA DRUMMER and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., an Illinois Corporation.<br><br>                      Defendants. | NO. 6:15-CV-00260-AA<br><br>CERTIFICATE OF SERVICE |

        I hereby certify that on March 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| |
|---|
| **COUNSEL FOR PLAINTIFF**<br>Joshua P. Stump<br>Harrang Long Gary Rudnick PC<br>1001 SW Fifth Ave., Ste. 1600<br>Portland, OR 97204 |

                                                   _____
                                               Robin Westwood, Paralegal

Page 25-AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND THIRD-PARTY COMPLAINT

28 807 lc039302