**James T. McDermott**, OSB No. 933594
jmcdermott@balljanik.com
**Gabriel M. Weaver**, OSB #125970
gweaver@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 100
Portland, OR 97204-3219
(503) 228-2525
(503) 226-3910 fax

Attorneys for Third-Party Defendant Marsh

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DEPARTMENT OF EUGENE

| | |
|---|---|
| UNIVERSITY OF OREGON,<br><br>  Plaintiff,<br><br>  v.<br><br>MONICA DRUMMER and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., an Illinois Corporation,<br><br>  Defendants | Case No. 6:15-CV00260-AA<br><br>THIRD-PARTY DEFENDANT MARSH U.S. CONSUMER'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO THIRD-PARTY COMPLAINT |
| MONICA DRUMMER and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., an Illinois Corporation,<br><br>  Third-Party Plaintiffs,<br><br>  v.<br><br>MARSH U.S. CONSUMER a service of SEABURY & SMITH, INC., a Delaware Corporation,<br><br>  Third-Party Defendant. | |

Page 1 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF THIRD-PARTY DEFENDANT MARSH U.S. CONSUMER**

1038138\v1

Third-Party Defendant Marsh U.S. Consumer, a service of Seabury & Smith, Inc. ("Marsh") states its Answer, Affirmative Defenses, and Counterclaim as follows::

## ANSWER TO THIRD PARTY COMPLAINT

74. Marsh admits the allegations of paragraph 74.

75. Marsh denies the allegations of paragraph 75.

76. Marsh denies the allegations of paragraph 76.

77. Marsh denies the allegations of paragraph 77.

78. Marsh denies the allegations of paragraph 78.

79. Marsh lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 79 and therefore denies the same.

80. Marsh lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 80 and therefore denies the same.

81. Marsh lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 81 and therefore denies the same.

82. Marsh lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 82 and therefore denies the same

83. Marsh lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 83 and therefore denies the same

84. Marsh admits that it entered into a sub-broker agreement with Third-Party Plaintiff Arthur J. Gallagher on or about September 6, 2012. Except as specifically admitted, Marsh denies the remaining allegations in paragraph 84.

85. Marsh denies the allegations of paragraph 85.

86. Marsh denies the allegations of paragraph 86.

Page 2 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF THIRD-PARTY DEFENDANT MARSH U.S. CONSUMER

1038138\v1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

87. Marsh admits that Plaintiff has filed suit against Third-Party Plaintiffs. The allegations in Plaintiff's pleading speak for themselves. Accept as specifically admitted, Marsh denies the remaining allegations in paragraph 87.

88. Marsh denies the allegations of paragraph 88.

89. The allegations in paragraph 89 constitute a legal argument to which no response is required. To the extent a response is required, Marsh denies the allegations in paragraph 89.

90. The allegations in paragraph 90 constitute a legal argument to which no response is required. To the extent a response is required, Marsh denies the allegations in paragraph 90.

91. Marsh denies the allegations in paragraph 91.

92. No response is required to the allegations in paragraph 92 because the allegations relate solely to a cause of action that Third-Party Plaintiffs voluntarily dismissed. To the extent a response is required, Marsh denies the allegations in paragraph 92.

93. No response is required to the allegations in paragraph 93 because the allegations relate solely to a cause of action that Third-Party Plaintiffs voluntarily dismissed. To the extent a response is required, Marsh denies the allegations in paragraph 93.

94. No response is required to the allegations in paragraph 94 because the allegations relate solely to a cause of action that Third-Party Plaintiffs voluntarily dismissed. To the extent a response is required, Marsh denies the allegations in paragraph 94.

95. No response is required to the allegations in paragraph 95 because the allegations relate solely to a cause of action that Third-Party Plaintiffs voluntarily dismissed. To the extent a response is required, Marsh denies the allegations in paragraph 95.

96. Marsh denies the allegations in paragraph 96.

97. No response is required to the allegations in paragraph 97 because the allegations relate solely to a cause of action dismissed by this Court. To the extent a response is required, Marsh denies the allegations in paragraph 97.

Page 3 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF THIRD-PARTY DEFENDANT MARSH U.S. CONSUMER

1038138\v1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

98.  No response is required to the allegations in paragraph 98 because the allegations relate solely to a cause of action dismissed by this Court. To the extent a response is required, Marsh denies the allegations in paragraph 98.

99.  No response is required to the allegations in paragraph 99 because the allegations relate solely to a cause of action dismissed by this Court. To the extent a response is required, Marsh denies the allegations in paragraph 99.

100.  No response is required to the allegations in paragraph 100 because the allegations relate solely to a cause of action dismissed by this Court. To the extent a response is required, Marsh denies the allegations in paragraph 100.

101.  No response is required to the allegations in paragraph 101 because the allegations relate solely to a cause of action dismissed by this Court. To the extent a response is required, Marsh denies the allegations in paragraph 101.

102.  No response is required to the allegations in paragraph 102 because the allegations relate solely to a cause of action dismissed by this Court. To the extent a response is required, Marsh denies the allegations in paragraph 102.

103.  Marsh denies the allegations in paragraph 103.

104.  No response is required to the allegations in paragraph 104 because the allegations relate solely to a cause of action dismissed by this Court. To the extent a response is required, Marsh denies the allegations in paragraph 104.

105.  No response is required to the allegations in paragraph 105 because the allegations relate solely to a cause of action dismissed by this Court. To the extent a response is required, Marsh denies the allegations in paragraph 105.

106.  No response is required to the allegations in paragraph 106 because the allegations relate solely to a cause of action dismissed by this Court. To the extent a response is required, Marsh denies the allegations in paragraph 106.

Page 4 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF THIRD-PARTY DEFENDANT MARSH U.S. CONSUMER

1038138\v1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

107. No response is required to the allegations in paragraph 107 because the allegations relate solely to a cause of action dismissed by this Court. To the extent a response is required, Marsh denies the allegations in paragraph 107.

108. The allegations in paragraph 108 constitute a legal argument to which no response is required. To the extent a response is required, Marsh denies the allegations in paragraph 108.

## **AFFIRMATIVE DEFENSES**

### FAILURE TO STATE A CLAIM

109. Plaintiff and Third-Party Plaintiffs have failed to state claims upon which relief can be granted.

### COMPARATIVE FAULT--PLAINTIFF

110. If Plaintiff suffered any damage, such damages were caused solely or substantially by Plaintiff's own negligence.

### COMPARATIVE FAULT—THIRD PARTY PLAINTIFFS

111. If Third-Party Plaintiffs suffered any damage, such damages were caused solely or substantially by Third-Party Plaintiffs' own negligence.

### LACK OF PRIVITY

112. Plaintiff lacks privity as to its contractual claims.

### LACK OF STANDING

113. Plaintiff lacks standing to bring any of the claims asserted and is not the proper party in interest.

### FAULT OF THIRD PARTIES

114. To the extent Plaintiff suffered any damages, such damages were caused by negligent acts and/or omissions of third persons over whom Marsh had no control.

Page 5 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF THIRD-PARTY DEFENDANT MARSH U.S. CONSUMER**

1038138\v1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

## FAILURE TO MITIGATE DAMAGES--PLAINTIFF

115. Plaintiff's claims are in whole or in part barred by Plaintiff's failure to mitigate damages.

## FAILURE TO MITIGATE DAMAGES—THIRD PARTY PLAINTIFFS

116. Third-Party Plaintiffs' claims are in whole or in part barred by Third-Party Plaintiffs' failure to mitigate damages.

## WAIVER, LACHES, ESTOPPEL

117. Plaintiff's and Third-Party Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, laches.

## NO DUTY

118. Plaintiff's claims are barred by the economic loss doctrine because no special relationship existed between Marsh and Plaintiff.

## ASSUMPTION OF RISK

119. Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk.

## ACCEPTANCE OF POLICY

120. Plaintiff's claim is barred or limited by the provisions, terms, exclusions, definitions, and conditions of the policy.

## FULL PERFORMANCE OF DUTIES

121. To the extent Marsh owed any duties to Plaintiff or Third-Party Plaintiffs, Marsh fully performed such obligations.

Page 6 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF THIRD-PARTY DEFENDANT MARSH U.S. CONSUMER**

1038138\v1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

## COUNTERCLAIM

### Breach of Contract--AJG

122. On or about September 6, 2012, Marsh and AJG entered into a Sub-Broker Agreement. Attached hereto as Exhibit A is a true and correct copy of the Sub-Broker Agreement. The terms of the Sub-Broker Agreement explicitly prohibited AJG from "writ[ing] any documents regarding or interpreting coverage without prior written approval from Marsh."

123. On or about September 7, 2012, Eric Roedl, an employee of the University of Oregon (University") emailed Deb Donning, an employee of the Oregon University System ("OUS"), with the following question about the insurance quote:

> Thanks Deb. To be sure we are under the same understanding, can you please confirm the reimbursable claim amount for the following achievements:
>
> Compete in a Non-BCS Bowl : $151,591.58
>
> Win Non-BCS Bowl: $121,125
>
> Year-End Ranking of #15: $160,500
>
> Total Claim Reimbursement Would Be: $433,222.58

124. In response, Ms. Donning forwarded Mr. Roedl's email to Monica Drummer, a representative of AJG, with the following cover email:

> Greetings, we just have one clarification question. Please confirm the maximum amount indicated is the ceiling of coverage but does not preclude lower amounts being covered. Eric has provided an example below. We believe this is the case, but want to confirm."

125. Ms. Drummer responded to Ms. Donning by email:

> That is correct. Any one item can trigger a partial payment of the loss limit. Referring to page 6 of the quote, if any one or combination of events occurs, the policy will pay. That is per my conversation with John/Marsh yesterday.

Page 7 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF THIRD-PARTY DEFENDANT MARSH U.S. CONSUMER

1038138\v1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

126. On information and belief, at the time that Ms. Drummer sent the email described in paragraph 113, Ms. Drummer was an employee at AJG who was acting within the scope of her employment.

127. The terms of the Sub-Broker Agreement required AJG to obtain Marsh's written permission before sending the email described in paragraph 113 because the email is a written document "regarding or interpreting coverage."

128. Ms. Drummer and AJG did not obtain Marsh's written permission before sending the email described in paragraph 113.

129. By sending the email described in paragraph 113 without obtaining Marsh's written permission, AJG breached the Sub-Broker Agreement.

130. As a result of AJG's breach of the Sub-Broker Agreement, Marsh has been damaged in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Marsh denies that Third-Party Plaintiffs are entitled to any relief requested in the Third-Party Complaint or any relief whatsoever and seeks judgment as follows:

1. Dismissing the Third-Party Complaint with prejudice and denying the relief sought therein;

2. Awarding Marsh the costs of defending this action, including reasonable attorney fees and disbursements;

///
///
///
///

Page 8 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF THIRD-PARTY DEFENDANT MARSH U.S. CONSUMER

1038138\v1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

3.      On its counterclaim for breach of the Sub-Broker Agreement, for a judgment against Third-Party Plaintiff AJG in an amount to be proven at trial, plus pre and post-judgement interest on all of the foregoing at the highest applicable rate.

DATED: November 25, 2015.      BALL JANIK LLP

By: /s/ Gabriel M. Weaver
James T. McDermott, OSB No. 933594
jmcdermott@balljanik.com
Gabriel M. Weaver, OSB No. 125970
gweaver@balljanik.com

Attorneys for Third-Party Defendant Marsh

Page 9 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF THIRD-PARTY DEFENDANT MARSH U.S. CONSUMER**

1038138\v1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing by:

- ☐ U.S. POSTAL SERVICE;
- ☒ CM/ECF;
- ☐ FACSIMILE SERVICE;
- ☐ ELECTRONIC MAIL;
- ☐ ARRANGING FOR HAND DELIVERY;
- ☐ FEDERAL EXPRESS.

addressed as follows on the date stated below:

C. Robert Steringer
Harrang Long Gary Rudnick P.C.
1001 SW 5th Ave., 16th Floor
Portland, OR 97204
bob.steringer@harrang.com
Attorneys for Plaintiff

John E. Zehnder
Robert P. Schulhof, Jr.
Scheer & Zehnder LLP
101 SW Main Street, 16th Floor
Portland, OR 97204
jzehnder@scheerlaw.com
rschulhof@scheerlaw.com
Attorneys for Defendants Monica Drummer
and Arthur J. Gallagher Risk Management
Services, Inc.

DATED: November 25, 2015.

*/s/ Gabriel M. Weaver*
James T. McDermott, OSB No. 933594
jmcdermott@balljanik.com
Gabriel M. Weaver, OSB No. 125970
gweaver@balljanik.com

Attorneys for Third-Party Defendant Marsh

Page 10 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF THIRD-PARTY DEFENDANT MARSH U.S. CONSUMER

1038138\v1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525